UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMEDSALEEM MUBARAK ALI,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

No. 2:25-cv-02158 DJC CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se and in forma pauperis, commenced this action and paid the filing fee on August 1, 2025. (ECF No. 1.) Before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 21.) Plaintiff has not opposed the motion. On July 7, 2026, the court took the matter under submission without appearance and argument pursuant to Local Rule 230(c) and (g). (ECF No. 23.) For the reasons set forth below, the court will recommend that defendant's motion be granted and this action dismissed for lack of jurisdiction.

I. The Complaint

Plaintiff brings this action against defendant United States Citizenship and Immigration Services ("USCIS"). (ECF No. 1.) He alleges that he applied for asylum in May 2021, "but more than four years have passed and I still have not been scheduled for an interview." (Id. at 5.) He seeks relief in the form of an "an order requiring USCIS and the San Francisco Asylum Office to promptly schedule and conduct my interview." (Id. at 6.)

On August 6, 2025, the undersigned determined that plaintiff stated a federal claim and ordered service on defendant USCIS. (ECF No. 3.)

II. Motion to Dismiss Pursuant to Rule 12(b)(1)

In its motion to dismiss, defendant argues that plaintiff's claim is moot because defendant has provided all the relief he sought in the complaint. Defendant avers that "USCIS afforded Plaintiff an interview on January 15, 2026, and it acted on his asylum application by written decision issued . . . June 4, 2026." (ECF No. 21 at 2.) Defendant asserts that, in these circumstances, there is no longer a live controversy between plaintiff and defendant as required for federal jurisdiction.

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Subject matter jurisdiction is required; it cannot be forfeited or waived. Id. at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the subject matter of the complaint." Nat'l Photo Grp., LLC v. Allvoices, Inc., No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014).

A plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As to the requirement of standing, "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.' We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998) (citation omitted). "A plaintiff invoking federal jurisdiction bears the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the

defendant, and (3) likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).

Here, because plaintiff has received the relief he requested, an asylum interview, there is no longer a redressable controversy before the court. Plaintiff does not oppose the motion to dismiss for lack of jurisdiction. See L.R. 230(c) (failure to file timely opposition may be construed as non-opposition to motion). Thus, the undersigned will recommend that defendant's motion be granted. As the complaint is not curable by amendment, the undersigned will recommend dismissal without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss for lack of jurisdiction (ECF No. 21) be GRANTED;
2. The complaint be dismissed without leave to amend; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ali2158.mtd.f&rs